## In re FOSTER.

(Supreme·Court, Special Term, Kings County.　June 15, 1910.)

MUNICIPAL CORPORATIONS (§ 213*)—COMMISSIONERS OF ACCOUNTS—SUBPŒNA DUCES TECUM—POWER TO ISSUE—STATUTES—GREATER NEW ,YORK CHARTER.

Laws 1873, c. 335, § 106, authorized the mayor to appoint commissioners of accounts to examine the vouchers and accounts in the office of the comptroller and chamberlain. By Laws 1884, c. 516, this provision was amended so as to provide that such commissioners should make such special examination of the accounts and methods of the departments and offices of the city, and of the counties of New York, Richmond, Kings, and Queens, as the mayor should from time to time direct, and such other examination as the commissioners might deem for the best interest of the city, and, to ascertain the facts, should have power to compel the attendance of witnesses, to administer oaths, and to examine such persons · as they deemed necessary. *Held*, that the persons contemplated to be examined were city employés only, and that the commissioners had no power to issue a subpœna duces tecum requiring a private person to appear and produce his checks and check stubs covering a period of years, to enable the commissioners to ascertain therefrom, if possible, whether there had been any wrongful diversion or misapplication of public funds, or violation of law, or failure to discharge a public duty.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 213.*]

In the matter of the application of William George Foster to cancel and vacate a subpœna duces tecum issued by Raymond B. Fosdick, Commissioner of Accounts, etc.　Application granted.

Archibald R. Watson, Corp. Counsel, and McLaughlin, Russell, Coe & Sprague, for receiver.

Edward M. Grout and Paul Grout, for Foster.

CRANE, J.　The fact that the checks asked for by the subpœna duces tecum are in the possession of a receiver is immaterial.　This application must be treated as though they were still in the possession of William George Foster.

The objection that the subpœna has been issued by an individual, and not by the commissioners of accounts, acting jointly, also the objection that section 119 of the charter (Laws 1901, c. 466), while giving the power to compel the attendance of witnesses, gives no power to compel the production of books, papers, and documents by subpœna duces tecum, while sufficient to justify my granting the application to vacate the subpœna issued herein, yet I shall pass from these objections to the main point as to whether the commissioners of accounts have the right to conduct any such examination as has been claimed upon the argument of this motion by the corporation counsel.

Section 106 of chapter 335 of the Laws of 1873 gave to the mayor the appointment of two persons, who, together with the president of the department of taxes and assessments, constituted the commissioners of accounts.　Their duty was to examine every three months the vouchers and accounts in the office of the comptroller and chamberlain.　From time to time they were required to make examination of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the expenses of the several departments and offices, and make recommendations to the board of apportionment with reference thereto, particularly with reference to salary and duties. By chapter 516 of the Laws of 1884 this provision was amended, so as to read the same as section 119 of the present charter, with some immaterial variances. That section gives the mayor the appointment of two commissioners, whose duties shall be to make the same examination as required in the previous laws, including the following, clearly incidental and pertaining to the work of accountants and auditors:

"They shall also make such special examination of the accounts and methods of the departments and offices of the city and of the counties of New York, Richmond, Kings and Queens, as the mayor may from time to time direct, and such other examinations as the said commissioners may deem for the best interest of the city, and report to the mayor and the board of aldermen the results thereof. For the purpose of ascertaining facts in connection with these examinations they shall have full power to compel the attendance of witnesses, to administer oaths, and to examine such persons as they may deem necessary."

It is claimed on behalf of the city that these commissioners of accounts can make such examination as they please regarding the affairs of the city, and without any order, procedure, or direction issue a subpœna and subpœna duces tecum to any individual, requiring him to appear before them with his private books and papers, and behind closed doors submit to such examination of himself and of his books and papers as the commissioners may deem for the best interests of the municipality. Such a subpœna duces tecum has been issued in this case to the receiver of William George Foster, requiring him to produce the latter's checks and check stubs covering a period of many years.

Upon this motion made to vacate this subpœna it does not appear that any examination has been ordered by the mayor. No record of any proceeding or determination to examine any particular department or matter connected with any particular department is in existence. It is simply stated in the opposing affidavit that the commissioners of accounts are desirous of obtaining certain canceled checks and check stubs for the purpose of conducting an examination in the department of water supply, gas, and electricity. William George Foster was at no time an employé of the city of New York, or in any way connected with any of its departments.

The question is: Has the Legislature of this state clothed the commissioners of accounts with the power to subpœna any individual, and require him to produce his books and papers, and to submit to an examination into his private affairs, if, in the opinion of the said commissioners, it is for the best interests of the city; and, if such power has been delegated, is the act constitutional? If the commissioners have the power claimed, then any person may be summoned before them, and required to reveal his business transactions, and discover his books and accounts to a minor ministerial officer, and at his pleasure. So broad are these powers, and so lax the method and safeguards of procedure, that I cannot believe it was the intention of the Legislature or the purpose of the act to extend the duties of the commissioners to such examinations. It will be noticed that no preliminary step or or-

der whatever is required to the issuing of a subpœna. There is absolutely nothing required which would indicate the nature, extent, or subject-matter of the examination.

That the documents or the testimony may be entirely immaterial cannot be ascertained, as the commissioners are not required to state their purpose. Even in such extensive examinations as are sometimes conducted by investigating committees of the Legislature, a resolution precedes the action and limits the scope beyond which the committees have no power, and even the Legislature, it is stated, would be limited to those examinations which might enable it to legislate. Likewise in the broad powers authorized by the Interstate Commerce Commission a legal procedure of some sort precedes the issuance of subpœnas. It is known beforehand by petition or order what the examination is to be. In my opinion these commissioners of accounts are charged with the duty of examining the accounts of the city and its various offices, together with the methods of any of the departments, and for that purpose may compel the attendance of witnesses to explain or testify to the correctness or accuracy of the books, or methods of work. The persons to be examined were evidently intended to be the city employés, and no others. Whether this be so or not, it is certain that no power is given to issue subpœna duces tecum to produce private books and papers of persons not in the city employ, and all that I have to deal with here is such a subpœna.

This intention, which is apparent from the history of section 119, is accentuated by section 1534 of the charter, which gives to the officials, or any five citizens who are taxpayers, the right to apply to a justice for an order to summarily examine any person as to any alleged wrongful diversion or misapplication of public funds, or any violation of the provisions of law, or regarding any delinquency in the discharge of a public duty. This section specifically provides for the production of such books and papers as the justice may order. Here we find a proper safeguard, in that application must be made to the court, setting forth the examination desired, and an order thereof limiting or specifying the books and papers to be produced, likewise a tribunal to pass upon the relevancy and competency of questions. I do not doubt for one moment but what the commissioners of accounts in this matter are acting in the utmost good faith and with the purpose of serving the city to the best of their ability, likewise I recognize that the courts should not hinder or obstruct the administrative officers of the city in the full performance of their duty, and especially should give all aid and assistance to the discovery of fraud and rascality in public office, and yet all good results must be achieved by proper legal methods, and the courts are for the very purpose of restraining that zeal which would brush aside those established legal forms and procedure which the past has proved safe and necessary for personal liberty.

· Diligence in hunting out those who cheat the public is to be commended, but such diligence cannot be permitted to adopt illegal methods. The procedure under section 1534 of the charter, likewise the grand juries in the various counties, are open to any of the commissioners of accounts, if they have any information which would justify

such an examination as they seek here. Far better to proceed according to these lines than to swell to an inordinate and unprecedented degree the power and authority of an appointive administrative officer.

Vacating the subpœna duces tecum issued herein upon the grounds above indicated renders it unnecessary to pass upon the constitutionality of section 119, if it were as broad as the commissioners claim.

Application to vacate this subpœna is granted.